## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH STACKHOUSE, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br><br>-against-<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A ARS ACCOUNT RESOLUTION SERVICES; and JOHN DOES 1-25,<br><br><br>Defendant(s). | Civil Case Number: _____<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, KEITH STACKHOUSE, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A ARS ACCOUNT RESOLUTION SERVICES ("ARS"), JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, a resident of Burlington County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      ARS maintains a location at 1900 Winston Road, Suite 300, Knoxville, Tennessee 37919.

8.      Upon information and belief, ARS uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      ARS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey

consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

      12.    This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from ARS, which included the alleged conduct and practices described herein.

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

      13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice.  (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:   15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); and 1692e(10);

b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.     Sometime before January 30, 2018, Plaintiff allegedly incurred financial obligations to EMERGENCY PHYSICIAN ASSOCIATES OF SOUTH JERSEY, PC ("EMERGENCY PHYSICIAN ASSOCIATES").

16.     The EMERGENCY PHYSICIAN ASSOCIATES obligations arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     Plaintiff incurred the EMERGENCY PHYSICIAN ASSOCIATES obligations by obtaining goods and services which were primarily for personal, family and household purposes.

18.     Plaintiff did not incur the EMERGENCY PHYSICIAN ASSOCIATES obligations for business purposes.

19.     Each EMERGENCY PHYSICIAN ASSOCIATES obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     EMERGENCY PHYSICIAN ASSOCIATES is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     On or before January 30, 2018, EMERGENCY PHYSICIAN ASSOCIATES referred the EMERGENCY PHYSICIAN ASSOCIATES obligations to ARS for the purpose of collections.

22.     At the time EMERGENCY PHYSICIAN ASSOCIATES referred the EMERGENCY PHYSICIAN ASSOCIATES obligations to ARS, the obligations were past due.

23.     At the time EMERGENCY PHYSICIAN ASSOCIATES referred the EMERGENCY PHYSICIAN ASSOCIATES obligations to ARS, the obligations were in default.

24.     Defendant caused to be delivered to Plaintiff a letter dated January 30, 2018, which was addressed to Plaintiff and sought a total balance of $5,122.25 for eight (8) separate accounts.  **Exhibit A,** which is fully incorporated herein by reference.

25.     The January 30, 2018 letter was sent to Plaintiff in connection with the collection of the EMERGENCY PHYSICIAN ASSOCIATES obligations.

26.     The January 30, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27.     Upon receipt, Plaintiff read the January 30, 2018 letter.

28.     The January 30, 2018 letter stated in part that:

> As you are already aware, ARS represents the doctors who provide services in healthcare facilities throughout the country. In response to your request for verification of debt we have listed the information below. ARS has confirmed the outstanding balance of $5122.25.

This past due account remains outstanding from services provided on the following date(s):

| Service Date: | Creditor Name: | Invoice #: | Original Balance ($): | Current Balance ($): | Account Number: |
|---|---|---|---|---|---|
| 05/31/10 | EMERG PHY ASSOC OF S.JERSEY,PC | 0092676080-33098408 | 41.38 | 41.38 | 69920525 |
| 05/21/10 | EMERG PHY ASSOC OF S.JERSEY,PC | 0092480496-31714520 | 15.24 | 15.24 | 69979834 |
| 12/06/09 | EMERG PHY ASSOC OF S.JERSEY,PC | 0088483261-33098408 | 121.63 | 121.63 | 71094327 |
| 07/03/13 | EMERG PHY ASSOC OF S.JERSEY,PC | 0125524098-33098408 | 1480.00 | 1480.00 | 73779521 |
| 08/22/13 | EMERG PHY ASSOC OF S.JERSEY,PC | 0126283059-31714520 | 801.00 | 801.00 | 80108101 |
| 02/17/14 | EMERG PHY ASSOC OF S.JERSEY,PC | 0132226114-31714520 | 1023.00 | 1023.00 | 80108102 |
| 05/30/15 | EMERG PHY ASSOC OF S.JERSEY,PC | 0151035335-31714520 | 281.00 | 281.00 | 81759236 |
| 12/04/15 | EMERG PHY ASSOC OF S.JERSEY,PC | 0160024475-31714520 | 1359.00 | 1359.00 | 82370801 |

29.     The January 30, 2018 letter also stated in part that:

The account(s) are delinquent and may have been reported to the credit bureaus.
.

## POLICIES AND PRACTICES COMPLAINED OF

30.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the attempted collection of a debt;

> (b)     Making a false representation of the character or legal status of the debt;

> (c)     Making a false representation or implication that the communication is from an attorney; and

> (d)     Threatening an action that was not intended to be taken.

31.     On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

32.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

33.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

34.     Defendant's collection letters and/or notices would cause the least sophisticated consumer to be confused as to his or her rights.

35.     Defendant's letters were designed to cause the least sophisticated consumer to be confused as to his or her rights.

36.     The content of Defendant's letter was designed to cause the least sophisticated consumer to be confused about what Defendant meant by the statement that: "account(s) are delinquent and may have been reported to the credit bureaus."

37.     The content of Defendant's letter was designed to cause a false sense of urgency for the least sophisticated consumer to pay the obligation.

38.     Defendant's letter would cause the least sophisticated consumer to be confused as to whether every account listed in the January 30, 2018 letter would be eligible to be reported to credit bureaus.

39.     The January 30, 2018 letter's use of the word "may" does not remove from the realm of possibility that the least sophisticated consumer would be deceived into thinking that every account listed in the January 30, 2018 letter would be eligible to be reported to credit bureaus.

40.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

41.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

42.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by creating a false sense of urgency to pay the debts to avoid an impact to his credit file.

43.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff that each and every account was eligible to be reported to one or more of the national credit reporting agencies.

44.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff that account number 69920525 was eligible to be reported to one or more of the national credit reporting agencies.

45.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff that account number 69979834 was eligible to be reported to one or more of the national credit reporting agencies.

46.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff that account number 71094327 was eligible to be reported to one or more of the national credit reporting agencies.

47.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that account number 69920525 was within the seven year period to be reported to one or more of the national credit reporting agencies.

48.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that account number 69979834 was within the seven year period to be reported to one or more of the national credit reporting agencies.

49.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that account number 71094327 was within the seven year period to be reported to one or more of the national credit reporting agencies.

50. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character or legal status of the debt.

51. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing to Plaintiff that account number 69920525 was eligible to be reported to one or more of the national credit reporting agencies.

52. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing to Plaintiff that account number 69979834 was eligible to be reported to one or more of the national credit reporting agencies.

53. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing to Plaintiff that account number 71094327 was eligible to be reported to one or more of the national credit reporting agencies.

54. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing to Plaintiff that the each and every account was eligible for being reported to one or more of the national credit reporting agencies.

55. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

56. Defendants violated 15 U.S.C. § 1692e(5) of the FDCPA by falsely threatening to post information regarding account number 69920525 to one or more of the national credit reporting agencies.

57. Defendants violated 15 U.S.C. § 1692e(5) of the FDCPA by falsely threatening to post information regarding account number 69979834 to one or more of the national credit reporting agencies.

58.     Defendants violated 15 U.S.C. § 1692e(5) of the FDCPA by falsely threatening to post information regarding account number 71094327 to one or more of the national credit reporting agencies.

59.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

60.     Defendants actions and conduct described herein violated 15 U.S.C. § 1692e(10).

61.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

62.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

63.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

64.     Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

65.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

66.     Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: October 12, 2018

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: October 12, 2018

<u>*s/ Joseph K. Jones*</u>
Joseph K. Jones, Esq.

# Exhibit

# A



**ARS Account Resolution Services**

**Account Resolution Services**
PO Box 630806
Cincinnati OH 45263-0806
Phone: (800) 694-3048
Fax: (954) 327-3352

KEITH STACKHOUSE

█████████████

Date:    January 30, 2018

Reference #: ████████34

As you are already aware, ARS represents the doctors who provide services in healthcare facilities throughout the country. In response to your request for verification of debt we have listed the information below. ARS has confirmed the outstanding balance of $ 5122.25.

This past due amount remains outstanding from services provided on the following date(s):

| Service Date: | Creditor Name: | Invoice #: | Original Balance ($): | Current Balance ($): | Account Number: |
|---|---|---|---|---|---|
| 05/31/10 | EMERG PHY ASSOC OF S.JERSEY,PC | 83098408 | 41.38 | 41.38 | 69920525 |
| 05/21/10 | EMERG PHY ASSOC OF S.JERSEY,PC | 81714520 | 15.24 | 15.24 | 69979834 |
| 12/06/09 | EMERG PHY ASSOC OF S.JERSEY,PC | 83098408 | 121.63 | 121.63 | 71094327 |
| 07/03/13 | EMERG PHY ASSOC OF S.JERSEY,PC | 83098408 | 1480.00 | 1480.00 | 73779521 |
| 08/22/13 | EMERG PHY ASSOC OF S.JERSEY,PC | 81714520 | 801.00 | 801.00 | 80108101 |
| 02/17/14 | EMERG PHY ASSOC OF S.JERSEY,PC | 81714520 | 1023.00 | 1023.00 | 80108102 |
| 05/30/15 | EMERG PHY ASSOC OF S.JERSEY,PC | 81714520 | 281.00 | 281.00 | 81759236 |
| 12/04/15 | EMERG PHY ASSOC OF S.JERSEY,PC | 81714520 | 1359.00 | 1359.00 | 82370801 |

The account(s) are delinquent and may have been reported to the credit bureaus.

Best regards,

ARS
Account Resolution Services

*This is an attempt to collect a debt and any information obtained will be used for that purpose.